UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

V.                                :  No. 3:07CR00207(PCD)

DWIGHT LONGMORE                   :

RULING ON MOTION TO SUPPRESS

Pending in this case, in which defendant is charged with cocaine possession with intent to distribute, defendant has moved to suppress evidence obtained from his car and from his apartment. The basic facts are not disputed.

On May 10, 2007, Stamford police, Officer Broems and Sgt. Baker, assisted the United States Marshall Service (USMS), which was assisting the Homeland Security/Immigration and Customs Enforcement (ICE), in an effort to apprehend Claudio Arzu (Arzu) for whom a warrant was outstanding. The USMS had developed information that Arzu and defendant were in contact and provided a photograph of Arzu. The officers were surveilling defendant's residence when a man, described as resembling Arzu, exited the building, entered a vehicle and drove off. The officers, in an unmarked vehicle, followed and sought to effectuate a traffic stop to determine whether the driver was Arzu. The driver, who turned out to be defendant and not Arzu, did not stop on the street but drove behind a store where he stopped. He quickly exited the car, tossed a blue case back into the car and stopped when called to do so by the officers. He reportedly said, spontaneously, "I know who you are-I have no drugs." Officer Broems went to the car and from the front seat retrieved the blue case which was found to contain 26.4 grams of cocaine, based on which defendant was arrested.

Defendant was advised of his Miranda rights and was asked about drugs in his apartment,

to which he advised "Quite a lot." He was advised that a search warrant could be obtained for his apartment and when given the alternative signed a consent to search form. Ex. 3. He described the location of drugs in the apartment and indicated the key to its door. A search followed and 442.7 grams of cocaine, $89,040 in U.S. currency, $21, 750 in Jamaican currency, a scale used for drug measurement, cans with false bottom commonly used to hide drugs and ammunition were found. The seized drugs were later weighed for a total of 469.1 grams of cocaine.

Defendant makes several assertions in an effort to challenge the facts reflected in the police report concerning the interplay with the police, whether he was confronted in a traffic stop and whether the officers had sufficient information to warrant an investigatory stop. He bears the burden of demonstrating that there are disputed issues of fact as to the bases for his claims that his claim of suppression should be sustained. See United States v. Culotta, 413 F.2d 1343, 1345 (2d. Cir. 1959). Conclusory, non-particularized allegations of unlawful conduct do not suffice to meet that burden. United States v. Tracy, 758 F.Supp.816, 820 (D.Conn. 1991). What is required for an evidentiary hearing to resolve disputed issues of fact is an affidavit based on personal knowledge. See United States v. Gillette, 383 F.2d 843, 848-49 (2d. Cir. 1967); United States v. Garcia, 272 F. Supp. 286, 290 (S.D.N.Y 1976). An evidentiary hearing is not required when claims of contradiction as to facts on which evidence was obtained are not supported by affidavit. United States v. Diaz, 303 F.Supp. 2d 84, 83-94 (D.Conn. 2004). As no affidavit has been filed, the motion was considered in open court at which counsel were heard on the record. Nothing cited by counsel, in either the police report nor in Grand Jury testimony of Sgt. Baker reflected an inconsistency that would undermine the facts on which the officers predicated their action.

The stop of defendant is not contradicted by the absence of an assertion in the report of

any traffic violations as defendant proceeded from his residence to his place of employment. The fact that he was encountered in the parking lot would not detract from the officers' assertion of their seeking identification of the vehicle operator. The information they had reasonably led them to question whether the person who exited defendant's residence was Azur. Their observation of the individual and comparison with a photograph of Azur was a reasonable basis for the belief that the vehicle operator was Azur. It sufficiently warranted the further inquiry to identify the car operator which led to the encounter with defendant which would have led to a stop of the vehicle in response to the lights on the police vehicle on the public street except for defendant's failure to stop there. The encounter between the officers and defendant would constitute a stop within the permitted parameters of Terry v. Ohio, 392 U.S. 1 (1968). There was a brief, investigatory stop to establish the identity of the vehicle operator, the justification for which was established by the officers' reasonable suspicion that the operator was Azur for whom they knew an arrest warrant was outstanding. Azur was in contact with defendant and believed to be meeting him at the time. The person they observed leaving defendant's residence and driving the car they sought to stop, based on his description and resemblance to the photograph of Azur justified their approach to, and stop of defendant, to verify their belief it was Azur. A brief stop for that purpose on the basis of a reasonable suspicion would comply with the law, Adams v. Williams, 407 U.S. 143, 146 (1972); Illinois v. Wardlow, 528 U.S. 119, 123 (2000), contrary to defendant's suggestion that a belief that defendant had committed or was committing an offense was required. The information on which they were acting met the standard of a "minimal level of objective justification" for a stop. United States v. Sokolow, 490 U.S. 1,7 (1989). Cumulative information of law enforcement officials involved in the investigation may be relied on. United States v. Colon, 250 F.3d 130,

135 (2d Cir. 2001) (citing United States v. Hensley, 469 U.S. 221, 230-33 (1985)). See United States v. Valez, 796 F. 2d 24, 28 (2d Cir. 1986). Individual conduct after failing to comply with an order to stop may be considered in forming a reasonable suspicion. United States v. Valentine, 232 F.3d 350, 359 (3d Cir. 2000). Reasonableness of a stop is assessed based on the officer's insight, given his experience and training. United States v. Arvizu. 534 U.S. 266, 273 (2002).

Sgt. Baker's testimony before the Grand Jury of observing several lane changes without signal by defendant, but not noted in the police report, is irrelevant as not relied on by the officers who pursued their original purpose of seeking to identify the vehicle operator.

Normally a search requires a warrant but the automobile exception to that rule is relied on here. His tossing the case into the car justified a belief that defendant sought to hide something. That contraband was believed to be found in the car was reasonably reinforced by his drug denial. Given a car's mobility and one's diminished expectancy of privacy therein, that belief in the circumstances presented to the officers, warranted the look into the car and the case by Broems. See Pennsylvania v. Labron, 518 U.S. 938, 939 (1996)(Per curiam). See also California v. Acevedo, 500 U.S. 565, 570 (1991). A stopped vehicle can fall within the exception. United States v. Vassiliou, 820 F. 2d 28, 30 (2d. Cir. 1987).

Defendant's challenge to the apartment search relies on his claim of unlawfulness of his stop and arrest which he lumps together. As discussed above, the stop and the arrest are both found to comply with the law, the arrest being based on the cocaine found in the case tossed back into his car by defendant. No violation is claimed in the officers asking defendant about drugs in his apartment. His response thereto, conceding drugs being there, his consent to a search, also not challenged, constituted the search as lawful notwithstanding the lack of a warrant. Schneckloth v.

Bustamonte, 412 U.S. 218, 219 (1973); United States v. Garcia, 56 F.3d 418, 422 (2d Cir. 1995).

Consent by one under arrest is valid. United States v. Crespo, 834 F. 2d 267, 272 (2d Cir. 1987).

CONCLUSION: For the foregoing reasons defendant's motion to suppress is denied.

Dated at New Haven, Connecticut this 17th day of January, 2008.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE